Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Alec P. Schulman (Bar No. 336491)
aschulman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
NY Black and Gold Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NY BLACK AND GOLD CORPORATION, a California corporation,<br><br>Plaintiff,<br>v.<br>BEAUTY BEEZ, INC., a California corporation; BRITTNEY OGIKE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-170<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

NY Black and Gold Corporation ("BG"), by and through its attorneys of record, complains against Beauty Beez, Inc. ("Beauty Beez"), Brittney Ogike, and DOES 1-10, inclusive, (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants transact business in this Judicial District, and the injury suffered by BG took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4. Plaintiff BG is an image-centric social media company, owned and operated by fine art photographer Elizabeth Waterman and registered with the State of California on or around August 30, 2020. BG is the successor by legacy merger of "BLACK + GOLD CORPORATION" and "NY BLACK and GOLD CORPORATION" to BG on March 29, 2021. BG is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

5. BG is informed and believes and, upon such, alleges that Defendant Beauty Beez is a corporation formed under the laws of California, which has a principal place of business at 6522 Laurel Canyon Blvd. North Hollywood, California 91606.

6. BG is informed and believes and, upon such, alleges that Defendant Brittney Ogike is an individual residing in North Hollywood, California.

7. DOES 1 through 10, inclusive, are unknown to BG, who therefore sues said Defendants by such fictitious names. BG will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. BG is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that BG's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming*

*the Subject Matter of This Dispute*

8. As part of BG's business as a bespoke, image-centric social media company, BG is hired by a variety of top-tier brands to take photographs of commercial products and provide strategy to innovate brands' marketing processes. BG has created photographs for some of the most sought-after companies, such as *Alex & Ani*, *Marc Jacobs*, *Elie Tahari*, *Guess*, *The Met*, *Moroccan Oil* and many others.

9. Elizabeth Waterman, BG's Photographer and CEO, is an award-winning photographer earning recognition from organizations such as the *British Journal of Photography*, the *Prix de la Photographie*, *The Biennal for Fine Art and Photography*, and *The Smithsonian*. Waterman also has an extensive commercial and editorial portfolio. Her photographs have been featured in shows at the old Limelight Church/Jue Lan Club (NYC), Wallplay (NYC), and Olson-Irwin (Sydney), auctioned on *Artnet.com*, and showcased on *L'Oeil de La Photographie.com*.

10. As an integral part of BG's business model, BG photographs products and then licenses its photographs on an exclusive and non-exclusive basis depending on the scope, nature and price for the work. BG has licensed individual images of products for thousands of dollars to top brands and retailers. Notably, 95% of BG's

1  contracts are exclusive and non-transferable.

2  11. BG has created many stylized and high production value photographs
3  of commercial products. Among them are photographs of various commercially
4  popular products sold by the company Curls. In the last decade, Curls has emerged
5  as a leader in the natural hair care industry, with the CEO frequently speaking at
6  conferences and shows to retail industry giants. Curls has been endorsed by
7  celebrities such as Halle Berry, Alicia Keys, Nia Long, Tia Mowry, Blair
8  Underwood, Ashanti, Yvette Nicole Brown, and Echo Kellum. Indeed, Curls
9  continues to be one of the most recognized natural hair care brands in North
10 America.

11 12. BG authored the iconic images of Curls' products that accompany this
12 powerhouse brand. These iconic images have been licensed for many thousands of
13 dollars. Nine of these images ("Photos") are the images at issue in this dispute. In
14 the marketplace, professional product photographs, such as the Photos, carry
15 tremendous monetary value. BG licenses these images to brands to create highly
16 sought-after online marketing materials and advertisements.

17 13. BG has timely obtained the copyright registration for the Photos with
18 the United States Copyright Office. The Photos were registered before Defendants'
19 copyright infringement of the same. *See* VA 2-205-488.

*The Defendants and the Marketplace*

21 14. Defendant Beauty Beez is a third-party retailing website focused on the
22 sale of beauty and hair care products. The site proclaims that Beauty Beez is a one-
23 stop shopping experience providing "the most sought after brands and products in
24 hair and beauty and services expertly tailored to [customers'] needs". In addition,
25 Defendant Beauty Beez has registered its name with the USPTO, demonstrating that
26 it seeks to protect its own content from infringement.

27 15. On information and belief, Beauty Beez makes revenue through selling
28 commercial hair and beauty products on its websites.

4
COMPLAINT FOR COPYRIGHT INFRINGEMENT

16. On information and belief, Defendant Brittney Ogike owns, manages, and operates Beauty Beez. Indeed, according to the "story" section of the Beauty Beez website, Ogike built and runs Beauty Beez.

17. In spite of Defendants' awareness of the importance of intellectual property rights and their potential to incur liability for the infringement of the same, Defendants infringed BG's copyright to the Photos. A true and correct copy of the infringements are attached as **Exhibit A**, which demonstrates that the Photos were, at least, reproduced, publicly displayed and distributed by Defendants. Indeed, as of the filing of this complaint, Defendants still infringe the Photos.

18. Plaintiff is informed and believes that Defendants have violated federal law by willfully infringing BG's copyrights to at least the Photos identified in Exhibit A. Specifically, Defendants reproduced, displayed and distributed the Photos, and/or derivatives thereof without permission, consent, or license.

19. BG has never sold or licensed the Photos to Defendants. Likewise, Curls has never sublicensed the Photos to Defendants either.

20. Plaintiff is informed and believes that Defendants have driven significant traffic to the Beauty Beez website in large part due to the presence of the sought after and searched for products that were photographed that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)**

21. Plaintiff BG incorporates herein by reference the allegations in paragraphs 1 through 20 above.

22. BG is the rightsholder to the copyright of the Photos, which substantially consist of wholly original material that constitute copyrightable subject matter under the laws of the United States. BG has complied in all respects with the

Copyright Act and all of the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office. *See* VA 2-205-488.

23. Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe BG's copyrights by reproducing, displaying, distributing, and utilizing the Photos for purposes of trade without authorization of or payment to BG in violation of 17 U.S.C. § 501 et seq.

24. Defendants have willfully infringed, and unless enjoined, will continue to infringe BG's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photos for purposes of trade.

25. Plaintiff is informed and believes that Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

26. Plaintiff is informed and believes that Defendants, despite such knowledge, willfully reproduced and distributed the Photos, without any right to do so.

27. Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and use of their services.

28. Defendants' unauthorized actions were and are continuing to be performed without BG's permission, license, or consent.

29. Defendants' wrongful acts have caused, and are causing, great injury to BG, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BG will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BG seeks a declaration that Defendants are infringing BG's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further

infringement of BG's copyrights.

30.   As a result of Defendants' wrongful acts alleged herein, BG has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

31.   Because of the willful nature of Defendants' copyright infringement, BG is entitled to an award of statutory damages of up to $150,000 per copyrighted work.

32.   BG has identified at least nine copyrighted works infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Photo on the Defendants' website.  As such, BG is entitled to an award of $1,350,000 in statutory damages.

33.   Alternatively, at its discretion, BG is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

34.   BG is also entitled to its attorneys' fees and costs in prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BG requests judgment against Defendants as follows:

1.   The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon BG's rights in the photographs at issue.

2.   Defendants be held liable to BG in statutory damages for copyright

1 | infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504
2 | (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17
3 | U.S.C. § 505.

    3. An accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon BG's copyrights pursuant to 17 U.S.C. § 504 (a)(1) and (b).

    4. Requiring Defendants to account for and pay over to BG all profits derived by Defendants from their acts of copyright infringement and to reimburse BG for all damages suffered by BG by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

    5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

    6. That BG be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: January 10, 2023        **ONE LLP**

By: /s/ Alec Schulman
     Peter Afrasiabi
     Alec Schulman

     Attorneys for Plaintiff
     NY Black and Gold Corporation

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## DEMAND FOR JURY TRIAL

Plaintiff BG hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: January 10, 2023        **ONE LLP**

By: /s/ Alec Schulman
    Peter Afrasiabi
    Alec Schulman

    Attorneys for Plaintiff
    NY Black and Gold Corporation